IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL J. RICHARDSON,<br>    Plaintiff, | :<br>: CIVIL NO. 3:CV-08-1312<br>: |
| v. | : (JUDGE NEALON)<br>: |
| MIN SEC COMPANIES, et al.,<br>    Defendants | :<br>:<br>: |

FILED
SCRANTON
DEC 29 2008
PER _____
DEPUTY CLERK

## MEMORANDUM and ORDER

On July 10, 2008, Plaintiff, a previous resident at the Hazleton Treatment Center, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.[1] (Doc. 1). The named defendants are MinSec Companies[2] (the company that operates the Hazleton Treatment Center), Hazleton Treatment Center Facility Director Doug Albertson, and an employee at the Hazleton Treatment Center, Rebecca Khentack. Presently pending is a motion to dismiss filed on behalf of the Defendants. (Doc. 7). The motion is ripe for disposition and, for the reasons set forth below, the motion will be granted.

---

[1] Plaintiff was incarcerated at SCI-Camp Hill and, in May 2008, he was paroled to the Hazleton Treatment Center. During the summer of 2008, Plaintiff left the Hazleton Treatment Center. (Doc. 5).

[2] The Pennsylvania Department of Corrections refers offenders to the MinSec program, a community detention facility that supervises, treats and transitions offenders back to society. See Carter v. Pennsylvania Bd. of Probation and Parole, 936 A.2d 155, 156 n.1 (Pa. Cmwlth. 2007). See also http://www.minsec.us/Minsec_Brochure.pdf <visited December 23, 2008>.

Plaintiff alleges that Defendants violated his constitutional rights by threatening and intimidating him into not exercising his right to redress grievances, interfering with his application and receipt of welfare benefits, requiring him to work while living at the Hazleton Treatment Center, and unlawfully removing money from his account. (Doc. 1).

**Standard of Review**

In rendering a decision on a motion to dismiss, a court must accept the veracity of the plaintiff's allegations. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). A court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims" and must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them. Indep. Enterprises, Inc. v. Pittsburgh Water & Sewer Auth., 103 F.3d 1165, 1168 (3d Cir. 1997); Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). "The burden is on the moving party to show that there is no actionable claim." Javorski v. Nationwide Mutual Ins. Co., 2006 WL 2225851 at *7 (M.D. Pa. 2006) (Conaboy, J.).

The test in reviewing a motion to dismiss for failure to state a claim is whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief. Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Javorski, 2006 WL 2225851 at *6, citing, Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The court need not assume that a plaintiff can prove facts that were not alleged in the complaint nor credit a complaint's bald assertions or legal conclusions. Unite Nat'l Ret. Fund, 2007 WL 2713051 at *4 (M.D. Pa.) (Caputo, J.) (citing City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 (3d Cir. 1998) and Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

**Discussion**

In order to state a viable § 1983 claim, a plaintiff must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by

Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

The Complaint names MinSec Companies as a defendant, however no specific allegations are stated against MinSec. (Doc. 1). Accordingly, Defendants assert that MinSec should be dismissed from the action because Plaintiff fails to allege personal involvement and that the doctrine of *respondeat superior* cannot serve as the basis of liability. (Doc. 8) (citing Pearson v. Miller, 988 F.Supp. 848 (M.D. Pa. 1997) (McClure, J.); Gera v. Commonwealth of Pennsylvania, 2007 WL 4248768 (3d Cir.)). Defendants state, "[i]n order to make a claim for civil rights abuse, a Plaintiff must demonstrate that a defendant in a civil rights action had personal involvement in the alleged wrongs, because liability cannot be predicated solely on the operation of respondeat superior." (Doc. 8) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement may be shown through allegations of personal direction or actual knowledge and acquiescence." Rode, 845 F.2d at 1207-08.

Defendants argue that Plaintiff only alleges that "some unidentified agent of MinSec" interfered with his application for public welfare, removed funds from his inmate account for the payment of court costs, and advised him that if he failed to obtain a job it would be a violation of his probation and he could be sent back to

4

prison, which, they contend, is insufficient to establish personal involvement. (Doc. 8). Defendants further state that Plaintiff has failed to plead sufficient facts to place Defendants on notice of the nature of his claim and to show that his claim is not frivolous. (Doc. 8) (citing Frazier v. SEPTA, 868 F.Supp. 757 (E.D. Pa. 1994)).

Additionally, a supervisor may be liable for failing to properly train officers under his command only when the failure "demonstrates deliberate indifference to the constitutional rights of those with whom the officers may come into contact." Gera v. Pennsylvania, 256 Fed. Appx. 563, 566 (3d Cir. 2007) (citing City of Canton v. Harris, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)); Sample v. Diecks, 885 F.2d 1099, 1117 (3d Cir. 1989). For liability to attach, the deficient training must be closely related to the ultimate injury. Sample, 885 F.2d at 1117 (citing City of Canton, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)).

Thus, concerning Defendant MinSec Companies, it cannot be held liable for the actions of its employees or agents. MinSec Companies will therefore be dismissed from the action.

With regard to Defendants Albertson and Khentack, as more fully discussed below, there are insufficient allegations against these Defendants for the matter to

proceed. Plaintiff has met the first element in pleading a § 1983 claim as Defendants Albertson and Khentack are persons acting under color of law. See Groman, 47 F.3d at 638; Shaw, 920 F.2d at 1141-42 . However, Plaintiff has failed to allege sufficient facts to meet the second element in a § 1983 action. Id.

The Complaint alleges that Defendants Albertson and Khentack conspired to threaten and intimidate him into not exercising his right to redress grievances in violation of the First Amendment. (Doc. 1). Specifically, Plaintiff states that on or about June 24, 2008, Defendants Albertson and Khentack threatened Plaintiff that if he filed any legal papers he would be returned to prison. Id. The Third Circuit Court has stated, the "alleged obstruction of prison grievance procedures does not give rise to an independent claim. Prisoners do not have a constitutional right to prison grievance procedures." Heleva v. Kramer, 214 Fed. Appx. 244, 247 (3d Cir. 2007) (citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)). See also Luckett v. Blaine, 850 A.2d 811, 820 (Pa. Cmwlth. 2004) (prison grievance procedures were established by Department of Corrections regulations and did not implicate inmate's constitutional rights) (citing Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)). Thus, Plaintiff has failed to allege a violation of a constitutional right regarding the alleged deprivation of his right to redress grievances.

Plaintiff also claims that Defendants Albertson and Khentack forced him to obtain work and unlawfully removed funds from his account, namely 10% of his net wages. (Doc. 1). Plaintiff states that Defendants "disguised the involuntary servitude" as community service. Id. When Plaintiff confronted Defendants regarding their actions, he alleges that they again threatened to return him to prison if he filed any more legal papers. Id.

Min-Sec Companies is a pre-release facility, and, as such, Plaintiff was subject to the conditions of partial confinement as set forth in 42 Pa.C.S.A. § 9755. Regarding Plaintiff's claim that Defendants unlawfully removed funds to pay fines, § 9755 specifically provides that, "[i]f the defendant is employed for wages or salary, the superintendent or another administrative official of the institution shall collect the same, or shall require the defendant to turn over his wages or salary in full when received." 42 Pa.C.S.A. § 9755(f). Additionally, as a condition of partial confinement, Plaintiff was subject to the conditions set forth by the probation department, which may include maintaining a specific occupation or employment, making restitution, and paying any fines imposed. 42 Pa.C.S.A. § 9755(d); §§ 9754(c)(2), (c)(8), (c)(11). Thus, Plaintiff's claims that he was unlawfully forced to work and that his funds were unlawfully removed do not amount to a constitutional violation.

Lastly, the Complaint alleges that Defendants violated Plaintiff's right to apply for and receive public welfare under the Social Security Act. (Doc. 1). Plaintiff states that Defendants compelled him to sign a voluntary withdrawal of application for public assistance. Id. He also states that Defendants threatened him with re-incarceration if he received welfare benefits. Id. However, as a resident of a pre-release facility, Plaintiff was not eligible to receive public welfare benefits. See e.g. Cospito v. Heckler, 742 F.2d 72, 77 (3d Cir. 1984) (residents of public institutions are generally excluded from receiving Social Security benefits) (citing 42 U.S.C. § 1382(e)(1)(A), no person shall be eligible to receive Social Security benefits with respect to any month if throughout such month he is an inmate of a public institution).

Further, the Third Circuit Court has stated that

> [T]he basic purposes of the social security program are not served by the unrestricted payment of benefits to individuals who are in prison or whose eligibility arises from the commission of a crime. The disability program exists to provide a continuing source of monthly income to those whose earnings are cut off because they have suffered a severe disability. The need for this continuing source of income is clearly absent in the case of an individual who is being maintained at public expense in prison.

Washington v. Secretary of HHS, 718 F.2d 608, 610 (1983). Accordingly, Plaintiff's claim that Defendants interfered with his right to apply for and receive

public welfare benefits does not amount to a constitutional violation as he was not entitled to benefits while housed at the pre-release center.

Pursuant to the § 1983 elements, although Plaintiff has established that Defendants Albertson and Khentack are persons acting under color of state law, Plaintiff has failed to allege sufficient facts that Defendants' conduct deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States.  See Groman, 47 F.3d at 638; Shaw, 920 F.2d at 1141-42.

## Conclusion

For the reasons set forth above, Defendants' Motion to Dismiss will be granted.

Date: 12-29-08

_____
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL J. RICHARDSON,<br>　　Plaintiff, | : <br> : CIVIL NO. 3:CV-08-1312 <br> : |
| v. | : (JUDGE NEALON) <br> : |
| MIN SEC COMPANIES, et al.,<br>　　Defendants | : <br> : |

## ORDER

AND NOW, THIS 29th DAY OF DECEMBER, 2008, IT IS HEREBY

**ORDERED THAT:**

1. Defendants' Motion to Dismiss (Doc. 7) is **GRANTED**.

2. The Clerk of Court is directed to **CLOSE** this action.

3. Any appeal will be deemed frivolous, lacking merit, and not taken in good faith.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　**United States District Judge**